UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACOB BENJAMIN WINDING, | No.  2:25-cv-2554 DJC AC PS |
| Plaintiff, | |
| v. | ORDER AND |
| JAMES F. LEWIS, et al., | FINDINGS AND RECOMMENDATIONS |
| Defendants. | |

Plaintiff paid the filing fee and is proceeding pro se; pre-trial proceedings are accordingly referred to the undersigned pursuant to Local Rule 302(c)(21).  Plaintiff filed a First Amended Complaint on September 23, 2025.  ECF No. 4.  This lawsuit names multiple defendants whom plaintiff organizes into three categories: (1) Superior Court Judges (Richard J. Guiliani, Richard M. Mallett, John Soldati, Lance Jacot, Barbara A. Kronlund, Tony J. Agbayani, Kristine Eagle, and Michale Coughlan), (2) Attorneys (including San Joaquin County District Attorneys (James F. Lewis, Heath Wilding, and Joyce Arnel), and private defense counsel (Elena Condes, Diane Yapundich, Michael Chastaine, Martin A. Jones, Jason A. Manning, Shane Hoover, and Laura Robinson)), and (3) the San Juaquin County District Attorney Office.  ECF No. 4 at 2.

Many motions are pending.  Defendants San Joaquin County, the San Joaquin County District Attorneys Office, and District Attorneys Lewis, Wilding, and Arnel (collectively "County Defendants") move to dismiss (ECF No. 23) and to strike (ECF No. 24).  Superior Court Judges

1

Agbayani, Coughlan, Eagle, Guiliani, Jacot, Kronlund, Mallet, and Soldati (collectively, "Judicial Defendants") move to dismiss.  ECF No. 25.  Private attorney defendants Martian A. Jones (ECF No. 42), Michael L. Chastaine and his law office (ECF No. 50), and Diane Yapundich (ECF No. 63) have each moved to dismiss.  Plaintiff has also filed several motions.  The undersigned has reviewed all relevant documents and concludes for the reasons explained below that this case must be dismissed in its entirety without leave to amend.

## I. Background

### A.    The Complaint

This case is about the state court criminal prosecution of plaintiff, which arose from the purchase of real property.  Plaintiff alleges that on September 27, 2017, he acquired a property via grant deed from the homeowner.  ECF No. 4 at 10.  On December 20, 2017, a civil case was filed regarding the purchase.  Id.  On June 28, 2019, District Attorney Arnel signed an affidavit and that same day, Judge Kronlund signed a warrant for plaintiff's arrest.  Id.  A criminal case commenced alleging crimes during the September 2017 purchase.  Id.  A criminal complaint was filed by District Attorney Lewis on June 28, 2019, including nine criminal counts and eight enhancements.  Id. at 11.

On July 10, 2019, Judge Eagle issued a temporary restraining order prohibiting plaintiff from transferring the real property at issue.  Id. at 12.  On July 11, 2019, plaintiff retained private counsel Elena Condes, "who later abandoned the case on December 28, 2020, before assuming a judgeship in January 2021."  Id.  On August 19, 2020, District Attorney Lewis filed an Amended Complaint alleging ten counts and nine enhancements.  Id. at 15.  On September 27, 2019, Lewis dismissed Counts 6 and 9, and Judge Soldati ordered certain enhancements stricken.  Id.  On October 2, 2019, District Attorney Lewis filed a Second Amended Complaint, re-charging previously dismissed counts.  Id.

At a hearing on October 23, 2019, Judge Soldati "allowed conditional testimony from the homeowner, who suffers from Alzheimer's" and declined to dismiss a forgery charge.  Id. at 17.  On October 24, 2019, Lewis was replaced by Deputy Attorney Heath Wilding.  Id. at 18.  A preliminary hearing took place on or about July 8, 2020, before Judge Agbayani.  Id. at 19.

Plaintiff alleges that Judge Agbayani improperly allowed hearsay evidence. Id. Plaintiff's private counsel, Elena Condes, filed a Penal Code § 995 motion on December 18, 2020, submitting inaccurate statements, before withdrawing. Id. Plaintiff's subsequent private counsel, Michal Chastaine and Laura Robinson, each also ultimately withdrew from the case, prejudicing plaintiff. Id. In total, plaintiff was represented by twelve (12) private attorneys "all of whom abandoned the case prior to trial" after interacting with District Attorney Wilding. Id.

On March 8, 2022, plaintiff moved to dismiss the criminal case against him for prosecutorial misconduct due to lack of evidence; Judge Coughlan denied the motion. Id. at 22. On June 10, 2022, plaintiff filed another motion to dismiss the criminal proceedings; Judge Mallet denied the motion. Id. On September 30, 2022, plaintiff filed another motion to dismiss the criminal proceedings; Judge Guiliani denied the motion. Id. at 23. Plaintiff alleges that Judge Soldati struck all enhancements in a minute order issued October 14, 2022, but reinstated them on August 28, 2025. Id. On November 17, 2022, plaintiff submitted a reconsideration motion seeking to quash the arrest warrant, which Judge Soldati denied. Id. at 25. On January 2, 2025, Judge Soldati refused to dismiss the case despite the deputy district attorney's confirmation that the alleged victim did not make a police report. Id. at 26. On August 11, 2025, Judge Jacot "advance[d] the case toward a trial date, fully aware of the fundamental flaws at its core." Id. at 28. On August 28, 2025, Judge Soldati re-added charges previously dismissed and ordered a mental health evaluation of plaintiff. Id.

Plaintiff sues for violations of his due process rights under the Fifth and Fourteenth Amendments with respect to the prosecution and adjudication of the criminal case against him (id. at 36-37), unlawful seizure in violation of the Fourth Amendment resulting from the seizure of assets related to the criminal case against him (id. at 38-39), retaliation and abuse of prosecutorial power in relation to the criminal clause against him (id. at 40-41), violation of his right to a fair trail under the Sixth Amendment in connection to the criminal case against him (id. at 41-43), retaliation and "attorney abandonment" in violation of 42 U.S.C. § 1983 (id. at 43-44), judicial misconduct and bias in violation of § 1983 (id. at 45), malicious prosecution in violation of § 1983 (id. at 47-49), and Monell liability under § 1983 (id. at 49-52). Plaintiff seeks general

3

and compensatory damages in the amount of ten million dollars.  Id. at 53.

## II.  Analysis

It is clear from the outset, as a matter of law based on the facts alleged, that this case cannot proceed.  In light of the overlapping arguments presented by the various defendants it is unnecessary to address the motions to dismiss separately.  The undersigned recommends dismissal for the reasons that follow.

### A.  Issues Related to Jurisdiction

#### 1.  Standards

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) challenges a federal court's jurisdiction over the subject matter of a complaint.  A jurisdictional challenge under Rule 12(b)(1) may be made either on the face of the pleadings (a "facial attack") or by presenting extrinsic evidence (a "factual attack").  Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1139 (9th Cir. 2003) (citing White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000)).  "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction."  Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004).  "By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction."  Id.  Here, various defendants mount a facial attack, arguing that this case is barred by Eleventh Amendment sovereign immunity and the Rooker-Feldman Doctrine.

#### 2.  Eleventh Amendment Sovereign Immunity

The judicial defendants assert sovereign immunity under the Eleventh Amendment.  An Eleventh Amendment defense presents a quasi-jurisdictional question.  Edelman v. Jordan, 415 U.S. 651, 677-678 (1974); see also Sato v. Orange County Dept. of Educ., 861 F.3d 923, 927 n.2 (9th Cir. 2017) ("A sovereign immunity defense is 'quasi-jurisdictional' in nature and may be raised in either a Rule 12(b)(1) or 12(b)(6) motion").  "The Eleventh Amendment bars individuals from bringing lawsuits against a state for money damages or other retrospective relief."  Arizona Students' Ass'n v. Arizona Bd. of Regents, 824 F.3d 858, 864 (9th Cir. 2016); see also Aholelei v. Dep't of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007) ("The Eleventh Amendment bars

4

suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities."). "State officials sued in their official capacities are generally entitled to Eleventh Amendment immunity." Lund v. Cowan, 5 F.4th 964, 969 (9th Cir. 2021). The Eleventh Amendment applies to state court judges. See id. ("The Eleventh Amendment thus applies to Judge Cowan, who serves as a state court judge and is being sued in his official capacity."); see also Simmons v. Sacramento County Superior Court, 318 F.3d 1156, 1161 (9th Cir. 2003) ("Plaintiff cannot state a claim against the Sacramento County Superior Court (or its employees), because such suits are barred by the Eleventh Amendment.").

Here, plaintiff states that he is suing the judicial defendants in their individual and official capacities, exclusively for actions taken in connection to the adjudication of his state criminal case. The Eleventh Amendment precludes a district court from asserting jurisdiction over claims against state officials who are sued in their official capacities. Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989); Leer v. Murphy, 844 F.2d 628, 632 (9th Cir. 1988).

When a state official is sued in his or her individual capacity, the Eleventh Amendment applies if the official "can show that the action is in essence one for recovery of money from the state, the state is the real, substantial party in interest and is entitled to invoke its sovereign immunity from suit." Hyland v. Wonder, 117 F.3d 405, 413 (9th Cir. 1997), amended by 127 F.3d 1135 (9th Cir. 1997) (internal quotation marks omitted). The judicial defendants note that the California Rules of Court provide that the State of California, through the Judicial Council of California, offers representation, defense, and indemnification of judicial officers. See Cal. Rules of Court, rule 10.202(b); Cal. Const., Art. VI, § 6(d); see also Cal. Gov Code, § 811.9. This showing satisfies the undersigned that plaintiff's damages claims against the judges seek recovery of monies from the state and thus implicate the Eleventh Amendment.

For these reasons, all claims against the judicial defendants are barred by the Eleventh Amendment.

3. Exercise of This Court's Jurisdiction is Barred by the Doctrine of *Younger* Abstention

Under Younger v. Harris, 401 U.S. 37, 43-54 (1971), federal courts must abstain from interfering in most ongoing state court cases. "Abstention is not in order simply because a

5

pending state-court proceeding involves the same subject matter." Sprint Communications, Inc. v. Jacobs, 571 U.S. 69, 72 (2013).  However, certain "exceptional" classes of cases do support— and may even compel— abstention.  New Orleans Public Service, Inc. v. Council of City of New Orleans, 491 U.S. 350, 367 (1998).  Younger itself "exemplifies one class of cases in which federal-court abstention is required: When there is a parallel, pending state criminal proceeding, federal courts must refrain from enjoining the state prosecution."  Sprint, 571 U.S. at 72.  Where abstention is required under Younger, the district court may not exercise its jurisdiction over a case.  Beltran v. State of California, 871 F.2d 777, 782 (9th Cir. 1988).  The court may raise abstention of its own accord at any stage of the litigation.  Citizens for Free Speech, LLC v. County of Alameda, 953 F.3d 655, 658 (9th Cir. 2020).  The undersigned elects to do so here.[1]

The operative First Amended Complaint (FAC) strongly supports an inference that state criminal proceedings were ongoing at the time the case was commenced.  The FAC generally describes the alleged violations of plaintiff's rights as "ongoing."  ECF No. 4 at 4.  Elsewhere the FAC expressly references an "ongoing prosecution."  Id. at 27.  Plaintiff specifically alleges that the case was "advance[d] toward a trial date" on August 11, 2025, and that a pre-trial mental health evaluation was ordered on August 28, 2025.  Id. at 28, 29.[2]  The initial complaint was filed in this court less than two weeks later, on on September 5, 2025.  ECF No. 1.  It is simply not plausible that plaintiff had been tried and convicted by then.[3]  Even if that had somehow

---

[1] Because Younger applies, the court does not address the argument made by various defendants that the case is barred by the Rooker-Feldman doctrine.  See Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923) and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983). This doctrine "stands for the relatively straightforward principle that federal district courts do not have jurisdiction to hear de facto appeals from state court judgments."  Carmona v. Carmona, 603 F.3d 1041, 1050-51 (9th Cir. 2010).  It prohibits federal district courts from hearing cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."  Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). Here, it does not appear that there has been a final judgment in the state criminal case, and it is unclear that the Rooker-Feldman doctrine applies to discrete pre-trial rulings in a pending case. That issue has been inadequately briefed.

[2] Plaintiff states that the evaluation was ordered pursuant to California Penal Code section 1368, id. at 29, which governs inquiries into a defendant's mental competence to stand trial.  Cal. Penal Code § 1368(a).

[3] Plaintiff has filed two motions to enjoin the underlying criminal proceedings.  ECF Nos. (cont.)

happened, the conviction could not have become final prior to the filing of the initial complaint in this court.

Younger abstention "remains an extraordinary and narrow exception to the general rule" obligating federal courts to decide federal questions that have been presented to them. Cook v. Harding, 879 F.3d 1035, 1038 (9th Cir. 2018) (quoting Nationwide Biweekly Admin., Inc. v. Owen, 873 F.3d 716, 727 (9th Cir. 2017) (internal quotation marks omitted)). As the Ninth Circuit has explained, "Younger principles apply in an action for damages pursuant to 42 U.S.C. § 1983 in which the federal plaintiff brings a constitutional challenge to a state proceeding when that proceeding is ongoing; the state proceeding is of a judicial nature, implicating important state interests; and the federal plaintiff is not barred from litigating his federal constitutional issues in that proceeding." Gilbertson v. Albright, 381 F.3d 965, 984 (9th Cir. 2004). Younger thus prohibits federal courts from directly enjoining state prosecutions, 401 U.S. at 45, and also from substantially interfering with ongoing state prosecutions by entertaining claims that seek to enforce the rights of the criminal defendant in the state forum. See Mann v. Jett, 781 F.2d 1448 (9th Cir. 1986) (abstention appropriate where § 1983 plaintiff sought damages for denial of right to counsel in ongoing state criminal case).

In sum, Younger abstention is appropriate if four requirements are met: (1) a state-initiated proceeding remains ongoing at the time the federal case is commenced; (2) the proceeding implicates important state interests; (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges; and (4) the requested relief either seeks to enjoin or has the practical effect of enjoining the ongoing state judicial proceeding. See Arevalo v. Hennessy, 882 F.3d 763, 765 (9th Cir. 2018); Beltran v. State of California, 871 F.2d 777, 782 (9th Cir. 1988). All four elements must be satisfied to warrant abstention. See AmerisourceBergen Corp. v. Roden, 495 F.3d 1143, 1148 (9th Cir. 2007).

All four elements are met here. First, as already explained, the state proceedings were pending when this action was initiated. See Kitchens v. Bowen, 825 F.2d 1337, 1341 (9th Cir.

---

(cont.) 47, 48. This confirms the court's inference that state proceedings are ongoing.

1987), cert. denied, 485 U.S. 934 (1988) (critical question is whether state proceedings were ongoing at initiation of the federal proceeding). Second, there is no state interest more important than that in the state's administration of its criminal justice system. See Kelly v. Robinson, 479 U.S. 36, 49 (1986) (citing Younger, 401 U.S. at 44-45). Third, federal courts must assume that state procedures will afford an adequate opportunity for consideration of constitutional claims "in the absence of unambiguous authority to the contrary." Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 15 (1987). There is no procedural bar to the presentation of federal constitutional issues in California criminal proceedings,[4] and various of plaintiff's exhibits demonstrate that he has taken advantage of the opportunity to present constitutional arguments. Finally, it is indisputable that the requested relief—which includes both preliminary and permanent injunctions forbidding plaintiff's prosecution, and a declaration that the policies and practices of the San Joaquin County District Attorney's Office are unconstitutional, see ECF No. 4 at 55—would interfere with the pending state court proceedings. Accordingly, Younger abstention applies.

Where Younger applies, the district court must dismiss the federal action. See Beltran, 871 F.2d 777, 782 ("Where Younger abstention is appropriate, a district court cannot refuse to abstain, retain jurisdiction over the action, and render a decision on the merits after the state proceedings have ended. To the contrary, Younger abstention requires dismissal of the federal action.") (emphasis in original).

B. Failure to State a Claim Upon Which Relief Can be Granted

    1. Standards

"The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint." N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1990).

---

[4] See Commc'ns Telesystems Int'l v. Cal. Pub. Util. Comm'n, 196 F.3d 1011, 1020 (9th Cir. 1999) ("The 'adequate opportunity' prong of Younger. . . requires only the absence of 'procedural bars' to raising a federal claim in the state proceedings.").

In order to survive dismissal for failure to state a claim, a complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). It is insufficient for the pleading to contain a statement of facts that "merely creates a suspicion" that the pleader might have a legally cognizable right of action. Id. (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-35 (3d ed. 2004)). Rather, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In reviewing a complaint under this standard, the court "must accept as true all of the factual allegations contained in the complaint," construe those allegations in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor. See Erickson v. Pardus, 551 U.S. 89, 94 (2007); Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011); Hebbe v. Pliler, 627 F.3d 338, 340 (9th Cir. 2010). However, the court need not accept as true legal conclusions cast in the form of factual allegations, or allegations that contradict matters properly subject to judicial notice. See Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981); Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir.), as amended, 275 F.3d 1187 (2001). t

Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). Pro se complaints are construed liberally and may only be dismissed if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Nordstrom v. Ryan, 762 F.3d 903, 908 (9th Cir. 2014). The court's liberal interpretation of a pro se complaint, however, may not supply essential elements of the claim that were not pled. Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982); see also Pena v. Gardner, 976 F.2d 469, 471 (9th Cir. 1992). A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend,

9

unless the complaint's deficiencies could not be cured by amendment.  See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

        2.  The Judicial and Prosecutorial Defendants are Entitled to Absolute Immunity

        a.  Judicial Immunity

The common law doctrine of absolute judicial immunity bars plaintiff's claims against the judicial defendants.  See Stump v. Sparkman, 435 U.S. 439 (1978) (holding that common law immunity of judges from damages liability for judicial acts applies in federal civil rights actions). "It is well settled that judges are generally immune from suit for money damages." Duvall v. County of Kitsap, 260 F.3d 1124, 1133 (9th Cir. 2001).  Judicial immunity applies to judicial acts, not to "the administrative, legislative, or executive functions that judges may on occasion be assigned by law to perform." Forrester v. White, 484 U.S. 219, 227 (1988).  To determine whether an act is judicial, the court considers whether (1) the precise act is a normal judicial function; (2) the events occurred in the judge's chambers; (3) the controversy centered around a case then pending before the judge; and (4) the events at issue arose directly and immediately out of a confrontation with the judge in his or her official capacity.  Duvall, 260 F.3d at 1133.

Here, all of the allegations against the judicial defendants involve their handling of matters presented to them for adjudication in the course of plaintiff's criminal case.  All involve rulings on motions or the handling of matters in open court.  These are core judicial functions. Accordingly, all claims against all judicial defendants are barred by the doctrine of absolute immunity.  As a matter of law, plaintiff cannot state any claim against any judicial defendant on the basis of their involvement in plaintiff's criminal case.

        b.  Prosecutorial Immunity

Prosecutors enjoy absolute immunity from liability under 42 U.S.C. § 1983 on claims that arise from their performance of prosecutorial functions.  Imbler v. Pachtman, 424 U.S. 409, 430-431 (1976); Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993).  This is so even if the acts in question were committed in bad faith.  Waggy v. Spokane County, 594 F.3d 707, 710 (9th Cir. 2010).  Here, all allegations against defendants Lewis, Wilding, and Arnel involve their performance of core prosecutorial functions: initiating a criminal case, filing charges, amending

10

charges, filing motions, and acting as an advocate in court.  Accordingly, all claims against these defendants are barred by the doctrine of absolute prosecutorial immunity.  As a matter of law, plaintiff cannot state any claim against any prosecutor on the basis of their involvement in plaintiff's criminal case.

> 3.  Claims Against Privately Retained Defense Counsel Fail as a Matter of Law

Each of plaintiff's constitutional claims is brought under 42 U.S.C. § 1983.  "Section 1983 provides a cause of action against every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State deprives someone of a federal constitutional or statutory right.  Section 1983's 'under color of' text makes clear that it is a provision designed as a protection against acts attributable to a State, not those of a private person."  Lindke v. Freed, 601 U.S. 187, 187–88 (2024) (cleaned up).  The text of § 1983 itself, and the opinions of the Supreme Court interpreting the statute, have made clear that the statute "protects against acts attributable to a State, not those of a private person."  Id. at 194.  The law is very clear that even public defenders who are appointed and paid by the state are not "state actors" within the meaning of §1983 when acting in their capacity as an attorney to a client.  Miranda v. Clark County, Nevada, 319 F.3d 465, 468 (9th Cir. 2003).

Defendants Yapundich, Chastaine, and Martin correctly argue in their motions to dismiss that, as plaintiff's privately retained defense counsel, neither they nor any of plaintiff's other defense attorneys are not subject to liability under § 1983.  ECF Nos. 63 at 11-12; 42-1 at 6; 50-1 at 10-11.  Because none of plaintiff's criminal defense lawyers were acting "under color of law" when they represented him, they cannot be civilly liable under § 1983 for alleged wrongs.  Accordingly, all claims against the defense counsel attorneys must be dismissed as a matter of law for failure to state a claim.

> 4.  Plaintiff Has Not Stated a *Monell* Claim Against the County

Plaintiff's 42 U.S.C. §1983 claims against the County of San Joaquin are based on the allegation that "County of San Joaquin District Attorney Office . . . is responsible for prosecutorial decisions and actions relevant to [his criminal] case."  ECF No. 4 at 49.  Plaintiff also alleges that due to the Office's "deliberate indifference to constitutional rights, failure to

supervise and discipline employees engaging in prosecutorial misconduct, and ratification of unlawful conduct" plaintiff's constitutional rights were violated.  Id. at 52.

There is no vicarious liability under §1983, meaning local governments "may not be sued under § 1983 for an injury inflicted solely by its employees or agents."  Monell v. Dep't of Soc. Servs. of New York, 436 U.S. 658, 694 (1978).  Like all other § 1983 defendants, a local government can be liable only for constitutional injuries that it causes, and not for injuries caused by its employees or others.  Monell, 436 U.S. at 692.  "Allowing" others to violate rights does not meet this standard, and neither does unspecified "facilitating."  A municipality "causes" a constitutional violation when its official policy is the "moving force" of the constitutional violation.  Id. at 694.  Liability may also arise when a municipality's failure to adequately train its employees causes the violation.  City of Canton v. Harris, 489 U.S. 378 (1989).

To state a claim under Monell, plaintiff must identify in the complaint the policy or training practice that he alleges caused his constitutional injury.  Specifically, plaintiff must allege facts showing: (1) that he was deprived of his constitutional rights by defendant and its employees acting under color of state law; and (2) that the municipal defendant has customs or policies which amount to deliberate indifference to specifically identified constitutional rights; and (3) that these policies were the moving force behind the constitutional violations.  Lee v. City of Los Angeles, 250 F.3d 668, 681 (9th Cir. 2001).  The "customs or policies" requirement can be satisfied by training or supervision that is so inadequate as to demonstrate deliberate indifference to the rights of arrestees.  See Davis v. City of Ellensburg, 869 F.2d 1230, 1235 (9th Cir. 1989).  For liability to arise in this scenario, the inadequate training must be "closely related" to plaintiff's injury.  City of Canton, 489 U.S. at 391.

The complaint identifies several discrete actions of particular prosecutors to support its contention that the Office violated plaintiff's constitutional rights; these allegations amount to an impermissible assertion of vicarious liability.  Plaintiff makes the conclusory statement that the Office was deliberately indifferent to his rights and failed to train and supervise employees, but these conclusory allegations do not suffice to "raise a reasonable expectation that discovery will reveal evidence" of a custom, practice, or policy of the Office that caused plaintiff constitutional

12

harm.  Twombly, 550 U.S. at 556.  Plaintiff has not alleged any facts that could possibly support a conclusion that the Office's failure to train was so inadequate as to demonstrate deliberate indifference to his constitutional rights.  "When one must resort to inference, conjecture and speculation to explain events, the challenged practice is not of sufficient duration, frequency and consistency to constitute an actionable policy or custom."  Trevino v. Gates, 99 F.3d 911, 920 (9th Cir. 1996).  Accordingly, plaintiff's cause of action for municipal liability fails to state a claim.

     5.  Plaintiff's Claims are Largely Time-Barred

The vast majority of the complaint is barred by the statute of limitations.  The statute of limitations for an alleged § 1983 violation is two years.  Maldonado v. Harris, 370 F.3d 945, 954 (9th Cir. 2004) (applicable statute of limitations for Section 1983 actions is drawn from forums state's limitations period for personal injury actions; in California, a two-year limitations period was made effective as of January 1, 2003).  A federal civil rights claim "accrues," and the statute of limitations begins to run, "[w]hen the plaintiff has a complete and present cause of action, that is, when the plaintiff can file suit and obtain relief."  Wallace v. Kato, 549 U.S. 384, 388 (2007) (noting that while federal courts apply state statutes of limitation, the accrual date of a Section 1983 cause of action is a question of federal law).

To the extent that plaintiff appears to treat the various adverse rulings and other unfavorable developments in his case as discrete violations of his rights, he is limited to such events that occurred within two years prior to the filing of the complaint on September 5, 2025.  The vast majority of plaintiff's allegations involve events that occurred between June 2019 and November 2022.  ECF No. 4 at 10-25.  While plaintiff does make a few allegations regarding events that occurred in 2025 (ECF No. 4 at ¶¶ 51-54, 58), these allegations involve discrete acts by defendants who are entitled to absolute immunity for the reasons set forth above.

The various discrete actions of multiple individual lawyers and judges over the course of a single, long-pending criminal case cannot constitute a continuing violation for statute of limitations purposes.  The essence of the continuing violation theory is that when a defendant's conduct is part of a continuing practice, a lawsuit challenging that practice is timely so long as the

last act evidencing the continuing practice falls within the limitations period.  See Bird v. State Dep't of Human Services, 935 F.3d 738, 746 (9th Cir., 2019) (recognizing that continuing violation theory has essentially been limited by the U.S. Supreme Court to hostile environment claims in the employment context), cert. denied, 589 U.S. 1139 (2020).  A series of related acts is insufficient as a matter of law to establish a continuing violation.  Id. at 746-747.  Here plaintiff's claims arise from a series of discrete actions by eighteen different individuals over six years.  There is no continuing practice by any defendant.

For these reasons, plaintiff's case is largely time-barred.

## II. Leave to Amend is Not Appropriate

Leave to amend is not appropriate in this case.  Ordinarily, pro se litigants are granted liberal leave to amend.  "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility."  California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988).  No amendment could change the judicial and prosecutorial defendants' absolute immunity from suit.  No amendment could transform the actions of criminal defense lawyers into conduct under color of state law that would be actionable under § 1983.  Given the nature of the case and the gravamen of the complaint, no basis for municipal liability is plausible.  The entire action is barred by the principles of Younger abstention, and most of the alleged deprivations of right are time-barred as bases for relief.   For all these reasons, amendment would be futile.

Were dismissal required on Younger grounds alone, the dismissal would be without prejudice.  Beltran, 871 F.2d 777, 782.  Here, however, plaintiff could not state a claim against any of the defendants even if Younger presented no obstacle.  It is therefore recommended that dismissal be ordered under Rule 12(b)(6) on the merits (i.e., with prejudice).  See Stewart v. U.S. Bancorp, 297 F.3d 953, 957 (9th Cir. 2002) (dismissal for failure to state a claim under Rule 12(b)(6) is a decision on the merits); Semtek Int'l Inc. v. Lockheed Martin Corp., 531 U.S. 497, 505-06 (2001) (a dismissal on the merits operates as a dismissal with prejudice); see also Dettamanti v. Staffel, 793 F. App'x 583, 583-84 (9th Cir. 2020) (affirming the district court's sua sponte dismissal with prejudice of the plaintiff's Section 1983 action arising from state court

14

proceedings and asserting claims against state court judge).

### III.  Plaintiff's Motions

Plaintiff has filed numerous motions: a motion for reconsideration of the Clerk of Court's denial of entry of default (ECF No. 32); a motion for the undersigned to recuse and have prior minute orders stricken (ECF No. 37); an ex parte application for an immediate hearing and recusal of the undersigned (ECF No. 40); two motions for a temporary restraining order (ECF No. 47, 48), both of which seek to halt further proceedings in the state criminal case; a motion for an extension of time to serve the First Amended Complaint (ECF No. 58); and three motions for leave to file a sur-reply (ECF Nos. 64, 65, 69).  These motions are resolved as follows.

In light of the facts of this case, the undersigned finds that sur-replies are neither necessary nor likely to be helpful, and accordingly plaintiff's motions to file a sur-reply (ECF Nos. 64, 65, and 69) are DENIED.

Because the undersigned recommends that this case be dismissed, plaintiff's motion for an extension of time to serve the First Amended Complaint (ECF No. 58) is DENIED as MOOT.

The motion to reconsider denial of entry of default by the Clerk of Court (ECF No. 32) is DENIED.  The Clerk's administrative decision to deny entry of default is supported by the fact that the defendants against whom default was sought had in fact appeared.  See ECF Nos. 28, 25, 30, 31.

The undersigned DENIES plaintiff's motions to recuse (ECF Nos. 37, 40).  Plaintiff seeks recusal under 28 U.S.C. § 144 and 455.  ECF No. 37 at 6.  Under 28 U.S.C. § 455(a), "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  Section 144 provides "[w]henever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein." 28 U.S.C. § 144.  If the affidavit is legally sufficient, a judge cannot proceed and must assign a different judge to hear the matter. See id.; see also United States v. Sibla, 624 F.2d 864, 867 (9th Cir. 1980).  However, if the affidavit under § 144 lacks sufficiency, the judge at whom the motion is directed can

15

determine the matter and deny recusal.  See United States v. Scholl, 166 F.3d 964, 977 (9th Cir. 1999) (citations omitted).

Under both recusal statutes, the substantive standard for legal sufficiency is "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." United States v. Studley, 783 F.2d 934, 939 (9th Cir. 1986) (quoting Mayes v. Leipziger, 729 F.2d 605, 607 (9th Cir. 1984) (internal quotations omitted)).  "To provide grounds for recusal, prejudice must result from an extrajudicial source.  A judge's previous adverse ruling alone is not sufficient bias." Mayes, 729 F.2d at 607 (internal citation omitted).

The undersigned declines to recuse herself.  Plaintiff argues recusal is warranted because the undersigned improperly issued a minute order on November 10, 2025, truncating a deadline for plaintiff to oppose defendants' motions to dismiss, in conflict with the 14 days allotted by Local Rule 230(b).  ECF No. 37 at 2.  Plaintiff is correct that on November 10, 2025, the court took a motion to dismiss under submission by minute order which contained a typographical error: the minute order erroneously set the deadline for plaintiff's response to the motion to dismiss as the date that the minute order was issued.  ECF No. 27.  However, this inadvertent error did not prejudice plaintiff, who did file oppositions to the motions to dismiss (ECF Nos. 52, 53, 54) on December 17, 2025.  Those oppositions have been considered.  Many motions were filed in this case in short succession, and each has been fully briefed, with all filings fully considered by the court.  The undersigned declines to recuse herself because there has been no showing of personal bias or prejudice.

Finally, in light of the recommendation that this case be dismissed and the legal rationale in support of that recommendation as explained above, the undersigned will recommend that plaintiff's motions for a temporary restraining order halting state court proceedings (ECF No. 47, 48) be DENIED both as moot and because the requested relief is barred by Younger, supra, and the Anti-Injunction Act.  See 28 U.S.C. § 2283; Lou v. Belzberg, 834 F.2d 730, 739 (9th Cir. 1987).

////

16

### IV.    Pro Se Plaintiff's Summary

The Magistrate Judge is recommending that this case be dismissed, for many reasons. First, you cannot bring a case in federal court to challenge an ongoing state criminal case. This is forbidden by a doctrine known as <u>Younger</u> abstention. Second, you cannot sue judges and prosecutors for the actions they take while judging and prosecuting your case because of Eleventh Amendment immunity, judicial immunity, and prosecutorial immunity. Third, private individuals such as your former defense attorneys cannot be sued under §1983. Fourth, the District Attorney's Office cannot be held liable under §1983 for the actions of its employees. Finally, your claims are time-barred to a significant degree because the majority of incidents you describe as violations of your rights happened more than two years before you filed your complaint. You have 21 days to object to the Magistrate Judge's recommendation. The District Judge will make the final decision.

### V.   Conclusion

It is hereby ORDERED that the motions at ECF Nos. 32, 37, 40, 58, 64, 65 and 69 are DENIED for the reasons explained above.

Further, it is HEREBY RECOMMENDED that:

1. The motions to dismiss at ECF Nos. 23, 25, 42, 50 and 63 be GRANTED;

2. The motion to strike at ECF No. 24 be DENIED as MOOT;

3. The motions for a temporary restraining order at ECF Nos. 47 and 48 be DENIED; and

4. That this case be DISMISSED in its entirety on the merits, without leave to amend, and the case closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. <u>Id.</u>; <u>see also</u> Local Rule 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to

////

17

appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: January 16, 2026

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

18